UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-1063-DDP (AS) | Date | February 20, 2015 |
|---|---|---|---|
| Title | Maurice Miles, Sr. v. M.D. Biter, Warden | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:**     **(IN CHAMBERS)** ORDER TO SHOW CAUSE

On February 11, 2014, Petitioner Maurice Miles, Sr. ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1). The Petition asserts five grounds for relief. On October 6, 2014, the Court found that Petitioner had failed to exhaust grounds two, three, four and five in the instant Petition, and ordered Petitioner to select one of five courses of action: (1) voluntarily dismiss the entire action without prejudice; (2) voluntarily dismiss the Petition's unexhausted claims; (3) request a stay of this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005); (4) request a stay of this action pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled in part on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007); or (5) attempt to demonstrate that all of the grounds asserted in the Petition are exhausted.[1] (See Oct. 6, 2014 Order 6–7; Docket Entry No. 22).

On October 24, 2014, Petitioner filed a Response to the October 6, 2014 Order in which he argued that the grounds asserted in the Petition were properly exhausted (Docket Entry No. 23).

On November 19, 2014, the Court issued an Order re Mixed Petition (Docket Entry No. 25), finding that Petitioner had failed to rebut the Court's finding that Grounds two through five were unexhausted (id. at 10-13) and afforded Petitioner one final opportunity to select a permissible course of action. Id. Petitioner was ordered to select one of four courses of action: (1) voluntary dismissal of the entire action; (2) voluntary dismissal of Grounds Two, Three, Four and Five; (3) move for a stay of this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005); or (4) move for a stay of this action pursuant to Kelly v. Small,

---

[1] Because the Court afforded Petitioner the opportunity to pursue this action, it denied Respondent's Motion to Dismiss without prejudice. (See Oct. 6, 2014 Order 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-1063-DDP (AS) | Date | February 20, 2015 |
|---|---|---|---|
| Title | Maurice Miles, Sr. v. M.D. Biter, Warden | | |

315 F.3d 1063 (9th Cir. 2003), overruled in part on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). Id. at 14.

On December 15, 2014, Petitioner filed a "Response to the Honorable 'Dean D. Pregerson' Analysis and Order To Petitioner's Contention of Defendant Motion to Dismiss. Petitioner selected Option (5) and This Response . . . final!" (Docket Entry No. 26). Other than a statement regarding the selection of Option 5 ("I stand firm by this and my last response to select option (5)" Id. at 5), this filing is non-responsive to the Court's November 19, 2014 Order and largely unintelligible. The Court's Order did not provide Petitioner with an opportunity to assert Option 5, that is, to contend that he had in fact exhausted Grounds Two, Three, Four, and Five. Thus Petitioner has failed to adequately respond to the Court's Order finding his Petition to be a mixed petition, subject to dismissal.

As a general rule, a state prisoner must exhaust state court remedies before a federal court may grant habeas relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, the prisoner must "reach[] the point where [there are] no state remedies available[,]" which ordinarily signifies that he or she has "fairly present[ed]" the claims to the state's highest court. See Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc) (citing O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Engle v. Isaac, 456 U.S. 107, 125‑26 n.28 (1982)). Fair presentation requires "[t]he state prisoner [to] describe in the state proceedings both *the operative facts* and *the federal legal theory* on which his [or her] claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his [or her] constitutional claim." Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003) (emphasis added) (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)) (internal quotation marks omitted), overruled in part on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007); see also Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999) ("The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis.").

Here, the Court has already found that Grounds Two, Three, Four, and Five in the instant Petition are unexhausted and that Petitioner has failed to rebut this finding. (Docket Entry No. 25 at 14). Therefore, the Petition is a Mixed Petition, containing both exhausted (ground one) and unexhausted grounds (two, three, four and five) and is subject to dismissal. As a general rule, district courts must dismiss mixed petitions. See Rose v. Lundy, 455 U.S. 509, 522 (1982), abrogated in part by Rhines, 544 U.S. at 275‑78 (holding that, "in limited circumstances[,]" district courts may stay mixed petitions).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-1063-DDP (AS) | Date | February 20, 2015 |
|---|---|---|---|
| Title | Maurice Miles, Sr. v. M.D. Biter, Warden | | |

   Accordingly, Petitioner is HEREBY ORDERED TO SHOW CAUSE why this action should not be dismissed as a mixed petition, pursuant to Rose v. Lundy, 455 U.S. 509, 522 (1982). Petitioner may file a response to this Order by availing himself of one of the four options set forth in the Court's November 19, 2014 Order: (1) voluntary dismissal of the entire action; (2) voluntary dismissal of Grounds Two, Three, Four, and Five; (3) moving for a stay of this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005); or (4) moving for a stay of this action pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled in part on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). Information regarding the requirements for, and potential consequences of, each of these options are explained in the Court's October 6, 2014 Order, a copy of which is attached.

   Petitioner must file a response to this Order withing thirty days, or no later than **March 23, 2015.**

   Petitioner is expressly advised that the Court will not consider any motion or response in which Petitioner reasserts any argument that Grounds Two, Three, Four and Five are unexhausted.

   **Petitioner is warned that failure to comply with this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b) and/or dismissal without prejudice as a mixed petition.**

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | AF | |